**O'HAGAN MEYER**
THEODORE C. PETERS (SBN 235115)
JOHN BEEMER (SBN 302654)
2615 Pacific Coast Highway, Suite 300
Hermosa Beach, CA 90254
Tel: 310.807.1100 | Fax: 310.807.1115
Email: tpeters@ohaganmeyer.com
Email: jbeemer@ohaganmeyer.com

*Attorney for Defendant*
*WALMART INC.*

# UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CRYSTAL RAMIREZ, an individual, | Case No.:  22-703 |
| Plaintiff(s), | **NOTICE OF REMOVAL OF ACTION UNDER 28 U.S.C. § 1441(b) DIVERSITY BY DEFENDANT WALMART INC.** |
| vs. | |
| WALMART, INC., a Delaware corporation; DEREK DOE, an individual; and DOES 1-25, Inclusive, | Complaint Filed: July 19, 2022<br>Trial Date:       None Assigned |
| Defendants. | |

**TO THE CLERK OF THE ABOVE-ENTITLED COURT:**

**PLEASE TAKE NOTICE** that, pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendant Walmart Inc. ("Defendant") hereby removes this civil action from the Superior Court of California for the County of Kern, where it is currently pending

1

**NOTICE OF REMOVAL**

1   as Case No. BCV-22-101771, to the United States District Court for the Eastern

2   District of California.

3        This Court has original jurisdiction over this action under 28 U.S.C. § 1332(a)

4   on the grounds that complete diversity exists between all parties and the amount in

5   controversy exceeds the sum of $75,000, exclusive of interest and costs.  Plaintiff

6   Crystal Ramirez is a resident, citizen and domiciliary of the State of California.

7   Defendant Walmart Inc. is a Delaware corporation with its principal place of business

8   in the State of Arkansas.

9   **BACKGROUND**

10        On July 18, 2022, an action was commenced in the Superior Court of the State

11   of California in and for the County of Kern, entitled "Crystal Ramirez *v.* Walmart,

12   Inc. a Delaware corporation; Derek Doe, an Individual; and DOES 1 to 25, inclusive",

13   as Case Number BCV-22-101771.  Pursuant to 28 U.S.C. § 1446(a), a copy of the

14   Summons and Complaint is attached hereto as **Exhibit 1**.

15        Plaintiff asserts in the Complaint two causes of action, for negligence and

16   premises liability, arising out of a trip and fall incident that allegedly occurred on the

17   premises of one of Defendant's retail store locations in Ridgecrest, California, on or

18   about July 18, 2020.  Plaintiff claims that as a result of her trip and fall, she sustained

19   general and special damages.  In an August 11, 2022, Statement of Damages, Plaintiff

20   asserts that she has incurred and will incur general damages in excess of

21   $1,000,000.00 and special damages in excess of $1,000,000.00. A copy of Plaintiff's

22   Statement of Damages is attached hereto as **Exhibit 2**.

23   **GROUNDS FOR REMOVAL**

24        As set forth more fully below, this Court has subject matter jurisdiction under

25   28 U.S.C. § 1332, which confers original jurisdiction of "all civil actions where the

26   matter in controversy exceeds the sum or value of $75,000, exclusive of interest and

27   costs, and is between … citizens of different States and in which citizens or subjects

28   of a foreign state are additional parties[.]"

**NOTICE OF REMOVAL**

O'HAGAN MEYER
ATTORNEYS & ADVISORS

**I.   The Amount-In-Controversy Requirement is Satisfied.**

Plaintiff's Complaint does not specify the amount of damages sought by way of her action. Pursuant to California Code of Civil Procedure §§ 425.10 and 425.11, a plaintiff in a personal injury action is not permitted to include a specific damages prayer in his complaint.  Before serving Defendant with the Complaint, however, Plaintiff prepared and caused to be served *with* the Complaint, her "Statement of Damages." (**Exhibit 2**) Therein, Plaintiff asserts general damages in excess of $1,000,000.00 and special damages in excess of $1,000,000.00.

District Courts within the Ninth Circuit have reached varied decisions as to whether to treat statements of damage as sufficient to establish the amount in controversy.  "Generally, the statement of damages is not conclusive but can be "strong evidence" of the amount in controversy – evidence that is adequate to meet defendant's burden, depending on the circumstances." *Brovold v. Safeway Inc.* No. 3:20-vc-05792-BHS-JRC, 2020 WL 6566164, at *2 (W.D. Wa. Oct. 14, 2020), citing *Mozingo v. Japan Airlines Co.,* No. 20-CV-583 JLS (AGS), 2020 WL 2092913, at *2 (S.D. Cal. May 1, 2020) (remanding matter where statement of damages asserted $265,000 in damages but only $15,000 had been paid to date for medical expenses and the remainder of the calculation was entirely conclusory and unrealistic); *Flores v. Safeway, Inc.*, No. C19-0825-JCC, 2019 WL 4849488, at *1 (W.D. Wash. Oct. 1, 2019) (denying motion to remand where statement of damages gave a specific estimate of the amount sought, which appeared reasonable and which plaintiff did not disavow); *Jackson v. Target Corp.,* No. CV086814RSWLVBKX, at *1 (C.D. Cal. Dec. 22, 2008) (denying motion for remand where it was not a "bold optimistic prediction" to presume that plaintiff sought at least $75,000 where she alleged $783,205 in damages, including emotional distress, pain, suffering and inconvenience, loss of future earning capacity, and future medical expenses). *Ortiz v. Costco Wholesale Corp.*, No. 19-CV-1293 JLS (BGS), 2019 WL 3183675, at *2 (S.D. Cal. July 16, 2019) (remanding to state court where statement of damages did

**NOTICE OF REMOVAL**

1  not explain how plaintiff arrived at the estimate of $620,091.40 and where the only

2  damage claim supported by the complaint was $20,091.40 in medical expenses).

3        Courts in the Ninth Circuit, in assessing whether a removing party has satisfied

4  its burden is establishing the amount in controversy requirement, have "endorsed the

5  Fifth Circuit's practice of considering facts presented in the removal petition as well

6  as 'any summary-judgment-type evidence relevant to the amount in controversy at

7  the time of removal.'" *Wheeler v. United Financial Casualty Co.*, No. 2:16-cv-01875-

8  SB, 2016 WL 6781612, at *2, citing *Matheson v. Progressive Specialty Ins. Co.*, 319

9  F.3d 1089, 1090 (9th Cir. 1997)).

10        In her Complaint, Plaintiff asserts that, "… Plaintiff was lawfully on the

11  premises of Defendants' store for the purpose of purchasing miscellaneous items. As

12  Plaintiff was walking within the parking lot of the subject premises, she stepped on

13  an uneven, unleveled, defective, cracked, broken and/or deteriorated portion of the

14  ground causing her to trip and fall, thereby causing Plaintiff to endure severe injury

15  and pain." (Complaint, **Exhibit 1**, at ¶¶ 8, 14.) She asserts that as a consequence,

16  "Plaintiff was injured in her health, strength and activity, sustaining severe shock and

17  injuries to her person, all of which said injuries have caused, continue to cause, and

18  will in the future cause Plaintiff great physical and emotional pain and suffering;

19  Plaintiff is informed and believes, and therefore alleges, that said injuries are

20  permanent in nature, all to her damage in a sum according to proof." (*Id.* at ¶ 11.)

21  Plaintiff also claims that she has been required to obtain medical services, and that

22  she has suffered "severe emotional distress." (*Id.* at ¶ 12.) In her prayer for relief,

23  Plaintiff seeks general damages; medical, hospital, and related expenses; loss of

24  earnings; loss of future earning capacity; and pre- and post-judgment interest and

25  costs of suit. (*Id.* at Prayer for Relief.)

26        Plaintiff's Statement of Damages should be received as compelling evidence

27  of the amount in controversy in this instance, particularly in light of the serious nature

28  of the injuries Plaintiff allegedly sustained while a customer at one of Defendant's

**NOTICE OF REMOVAL**

1   retail stores. While Plaintiff was not required to submit a Statement of Damages

2   specifying her damages prior to serving the Complaint, she elected to do so with the

3   specific intent of having said statement served together with the Summons and

4   Complaint. While Plaintiff may not ultimately be able to recover as much as

5   $2,000,000.00 for her alleged injuries as is reflected in her Statement of Damages, as

6   in *Jackson v. Target Corp., supra,* it is not a "bold optimistic prediction" to presume

7   that *Plaintiff seeks to recover at least $75,000* where she has alleged over

8   $2,000,000.00 in general and special damages.

9        Accordingly, the amount in controversy in this action well exceeds $75,000,

10  exclusive of interest and costs.

11       Because the amount in controversy exceeds $75,000, removal on the basis of

12  diversity should be allowed pursuant to 28 U.S.C. § 1441(b).

13       **II.     Complete Diversity of Citizenship Exists Between Plaintiff and**

14       **Defendant.**

15       Plaintiff alleges at paragraph 1 of the Complaint that she is a resident of Kern

16  Country, California.  Plaintiff is therefore a citizen of California.  Plaintiff alleges at

17  paragraph 2 of the Complaint that Defendant was at all times a Delaware corporation.

18  Defendant admits that it was incorporated in the State of Delaware and further states

19  that its principal place of business is in Arkansas.  For purposes of diversity,

20  therefore, Defendant is a citizen of Arkansas and Delaware.

21       The Complaint also names as a specific "Doe" Defendant, one "DEREK DOE"

22  but alleges only vaguely, and on *information and belief only*, that Mr. "Doe" was a

23  supervisor and/or manager of the subject premises at the time of Plaintiff's trip and

24  fall. (Complaint, **Exhibit 1**, at ¶ 3.) Notably absent from the Complaint is *any*

25  allegation that "Derek Doe" had any involvement in the alleged trip and fall, that he

26  was a witness to the incident, or that he was even on the store premises at the time of

27  the incident.

28

**NOTICE OF REMOVAL**

1    Plaintiff's inclusion of "Derek Doe" as a party is clearly an effort to destroy

2  diversity jurisdiction and to prevent Defendant from lawfully removing the dispute

3  to this Court. Plaintiff has pled no additional material facts as to "Derek Doe" because

4  she cannot.  These bare-bone allegations are facially insufficient and fail to destroy

5  diversity jurisdiction in this instance.  Even presuming "Derek Doe" was an agent or

6  an employee of Defendant, Plaintiff has not and cannot allege that he was involved

7  in the alleged trip and fall incident, that he observed the incident, or even that he was

8  present on store premises at the time.  For these reasons, Defendant submits that

9  Plaintiff has fraudulently joined "Derek Doe" as a party and the Court should

10  disregard the alleged citizenship of "Derek Doe" for purposes of determining whether

11  complete diversity exists here.

12    The Complaint also names "DOES 1-25" as Defendants. (Complaint, **Exhibit**

13  **1**, at ¶ 4.) For purposes of removal, however, "the citizenship of defendants sued

14  under fictitious names shall be disregarded." 28 U.S.C. § 1441(b)(1).  Therefore, the

15  inclusion of "Doe" defendants (including "Derek Doe") in the state court Complaint

16  has no effect on removability.  In determining whether diversity of citizenship exists,

17  only the named defendants are considered.  *See Newcombe v. Adolf Coors Co.*, 157

18  F.3d 686, 690-91 (9th Cir. 1998); *see also Olive v. Gen. Nutrition Ctrs., Inc.*, No.

19  2:12-cv-04297-ODW, 2012 WL 2006389, at *1 (C.D. Cal. June 5, 2012); *Marsikyan*

20  *v. Porsche Cars N. Am., Inc.*, No. CV 11-09411 SJO, 2012 WL 280585, at *2 (C.D.

21  Cal. Jan. 30, 2012).

22    **III.   The Other Prerequisites for Removal are Satisfied.**

23    This Notice of Removal is timely filed.  The relevant statute provides that

24  "[e]ach defendant shall have 30 days after receipt… of the initial pleading… to file

25  the notice of removal." 28 U.S.C. § 1446(b)(2)(B).  Plaintiff filed her Complaint with

26  the state court on July 18, 2022.  Defendant was served with Plaintiff's Complaint

27  and with Plaintiff's Statement of Damages on August 15, 2022.

28

**NOTICE OF REMOVAL**

This action is properly removed to the United States District Court for the Eastern District of California, which is "the district and division embracing the place where [the] action is pending." 28 U.S.C. § 1441(a); *see also* 28 U.S.C. § 84(b) (listing the counties within the Eastern District of California).

Title 28 U.S.C. § 1446(a) requires a copy of all process, pleadings, and orders served upon the removing defendant in the state court action (BCV-22-101771) to be included with this Notice of Removal.  True and correct copies of the following documents are attached hereto as:

- **Exhibit 1** – Summons and Complaint
- **Exhibit 2** – Statement of Damages
- **Exhibit 3** – Civil Case Cover Sheet

On September 13, 2022, Defendant filed an answer in the state court action. A true and correct copy of Defendant's Answer is attached hereto as **Exhibit 4**.

Pursuant to 28 U.S.C. § 1446(d), a Notice to Adverse Party of Removal to Federal Court, attached hereto as **Exhibit 5**, together with this Notice of Removal, will be served upon counsel for Plaintiff, and will be filed with the clerk of the Superior Court for the County of Kern.

By filing this Notice of Removal, Defendant does not waive any objections to jurisdiction or venue, and specifically reserves the right to assert any defenses and/or objections to which it may be qualified to assert.

///

///

///

///

///

///

///

**NOTICE OF REMOVAL**

1    If any question arises as to the propriety of the removal of this action,

2  Defendant respectfully requests the opportunity to submit briefing and oral argument

3  and to conduct discovery in support of its position that subject matter jurisdiction

4  exists.

5

6  DATED: September 14, 2022          Respectfully submitted,

7                                      O'HAGAN MEYER

8

9

10                                     By: ___/s/ Theodore C. Peters_____

11                                         THEODORE C. PETERS
                                           JOHN BEEMER
12                                         *Attorneys for Defendant*
13                                         *WALMART INC.*

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

8
**NOTICE OF REMOVAL**