# EXHIBIT 1

**SUM-100**

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:** WALMART, INC., a Delaware corporation; DEREK
**(AVISO AL DEMANDADO):** DOE, an individual; and DOES 1-25, inclusive.

**YOU ARE BEING SUED BY PLAINTIFF:** CRYSTAL RAMIREZ, an individual.
**(LO ESTÁ DEMANDANDO EL DEMANDANTE):**

| FOR COURT USE ONLY (SOLO PARA USO DE LA CORTE) |
|---|
| ELECTRONICALLY FILED |
| 7/19/2022 |
| Kern County Superior Court |
| By Alejandra Velazquez, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. **NOTE:** The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.

Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.

Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.

The name and address of the court is:
(El nombre y dirección de la corte es):
Superior Court of California, County of Kern
1215 Truxtun Avenue
Bakersfield, California 93301

**CASE NUMBER:** (Número del Caso): BCV-22-101771

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: Daniel Azizi, Esq.
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
DOWNTOWN LA LAW GROUP
601 N. Vermont Ave., Los Angeles, CA 90004                                                             (213) 389-3765

DATE: 7/19/2022                TAMARAH HARBER-PICKENS         Clerk, by _____, Deputy
(Fecha)                                                                                  (Secretario)                                           (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of (specify):
3. ☒ on behalf of (specify): WALMART, INC, a Delaware corporation

   under: ☒ CCP 416.10 (corporation)          ☐ CCP 416.60 (minor)
          ☐ CCP 416.20 (defunct corporation)  ☐ CCP 416.70 (conservatee)
          ☐ CCP 416.40 (association or partnership) ☐ CCP 416.90 (authorized person)
          ☐ other (specify):
4. ☐ by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov
Westlaw Doc & Form Builder

ELECTRONICALLY FILED
7/18/2022 1:41 PM
Kern County Superior Court
By Alejandra Velazquez, Deputy

**Daniel Azizi, Esq. - State Bar No. 268995**
**DOWNTOWN L.A. LAW GROUP**
601 N. Vermont Ave.
Los Angeles, CA 90004
Tel: (213) 389-3765
Fax: (877) 389-2775
Email: Daniel@downtownlalaw.com

Attorneys for Plaintiff
CRYSTAL RAMIREZ

SUPERIOR COURT OF CALIFORNIA

COUNTY OF KERN

| | |
|---|---|
| CRYSTAL RAMIREZ, an individual.<br><br>Plaintiff,<br><br>v.<br><br>WALMART, INC., a Delaware corporation; DEREK DOE, an individual; and DOES 1-25, inclusive.<br><br>Defendants. | Case No.: BCV-22-101771<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. NEGLIGENCE<br>2. PREMISES LIABILITY<br><br>[JURY DEMANDED] |

COMES NOW, Plaintiff, CRYSTAL RAMIREZ, and alleges against Defendants, and each of them, as follows:

1.  Plaintiff CRYSTAL RAMIREZ is an individual and is now, and at all times mentioned in this complaint was, an adult resident of Kern County, California.

2.  Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant hereto Defendants WALMART, INC., a Delaware corporation; DEREK DOE, an individual; and DOES 1-25, inclusive, are, and at all times herein mentioned were individuals, corporations, sole proprietors, shareholders, associations,

**1**
**COMPLAINT FOR DAMAGES**

partners and partnerships, joint venturers, and/or business entities unknown, primarily residing and doing business in the county of Kern, State of California.

3. Plaintiff is informed and believes, and based upon such information alleges that Defendant DEREK DOE was a supervisor and/or manager of the subject premises at the time of Plaintiff's trip and fall. Based on information and belief, DEREK DOE is now, and at all times mentioned in this complaint was, an adult resident of Kern County, California. It is believed that DEREK DOE was responsible for the maintenance of the subject premises at the time of Plaintiff's trip and fall, was responsible to verify that there was in place a policy which provided for the maintenance of the subject premises according to industry standards, was responsible for the training and education of the subject premises employees who were tasked with conducting the maintenance of the subject premises, and was responsible for verifying that the subject premises be maintained according to industry standards and sufficient policies and procedures.

4. Defendants DOES 1-25, inclusive, are sued herein under fictitious names, their true names and capacities being unknown to Plaintiff. Plaintiff will amend this complaint to allege their true names and capacities when ascertained. Plaintiff is informed and believes and thereon alleges that each of the fictitiously named Defendants is responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as herein alleged were proximately caused by those Defendants.

5. Plaintiff is informed and believes, and based upon such information and belief alleges that at all times relevant hereto Defendants WALMART, INC., a Delaware corporation; DEREK DOE, an individual; and DOES 1-25, inclusive, are, and at all times herein mentioned where individuals, corporations, sole proprietors, shareholders, associations, partners and partnerships, joint venturers, and/or business entities unknown, primarily residing and doing business in the County of Kern, State of California. At all times herein mentioned, said Defendants were the owners, lessors, sub-lessors, managing agents, landlords, renters, managers, operators, marketers, inspectors, maintainers and controllers, of

a commercial property located at 201 E Bowman Rd., Ridgecrest, CA 93555, (hereinafter referred to as "THE SUBJECT PREMISES"), to which building the general public is invited to come.

6. At all times herein mentioned, each of the Defendants were the agents, servants, and employees of their co-defendants, and in doing the things hereinafter alleged were acting in the scope of their authority as agents, servants, and employees, and with permission and consent of their co-defendants. Plaintiff is further informed and believes, and thereon alleges, that each of the Defendants herein gave consent to, ratified, and authorized the acts alleged herein to each of the remaining Defendants.

## FIRST CAUSE OF ACTION
## NEGLIGENCE
### (Against All Defendants)

7. Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 6, and by this reference incorporates said paragraphs as though fully set forth herein.

8. On July 18, 2020 Plaintiff was lawfully on the premises of Defendants' store for the purpose of purchasing miscellaneous items. As Plaintiff was walking within the parking lot of the subject premises, she stepped on an uneven, unleveled, defective, cracked, broken and/or deteriorated portion of the ground causing her to trip and fall, thereby causing Plaintiff to endure severe injury and pain.

9. Said Defendants, and each of them, fully and well knew, or should have known in the exercise of reasonable care, that the structures and/or components and/or other parts of said building were in a dangerous and defective and unsafe condition, and a menace to Plaintiff and others lawfully on said premises.

10. By reason of the aforesaid negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, and as a direct and proximate result thereof, dangerous portion of the ground that was not properly installed, maintained, cleaned and/or protected at said property causing Plaintiff to sustain the injuries and damages as hereinafter alleged.

11. As a direct and proximate result of the negligence, carelessness and recklessness of Defendants, and each of them, as aforesaid, Plaintiff was hurt in her health, strength and activity, sustaining severe shock and injuries to her person, all of which said injuries have caused, continue to cause, and will in the future cause Plaintiff great physical and emotional pain and suffering; Plaintiff is informed and believes, and therefore alleges, that said injuries are permanent in nature, all to her damage in a sum according to proof.

12. As a direct and proximate result of the negligence, carelessness and recklessness of Defendants and each of them, as aforesaid, Plaintiff has been required to obtain medical services, and Plaintiff has suffered severe emotional distress.

## SECOND CAUSE OF ACTION
## PREMISES LIABILITY
### (Against All Defendants)

13. Plaintiff re-alleges each and every allegation contained in the above Paragraphs 1 through 12, and by this reference incorporates said paragraphs as though fully set forth herein.

14. On July 18, 2020 Plaintiff was lawfully on the premises of Defendants' store for the purpose of purchasing miscellaneous items. As Plaintiff was walking within the parking lot of the subject premises, she stepped on an uneven, unleveled, defective, cracked, broken and/or deteriorated portion of the ground causing her to trip and fall, thereby causing Plaintiff to endure severe injury and pain.

15. On or about July 18, 2020, Defendants WALMART, INC., a Delaware corporation; DEREK DOE, an individual; and DOES 1-25, inclusive, carelessly and negligently owned, rented, managed, leased, supervised, inspected, operated, maintained and/or controlled the premises located at or near 201 E Bowman Rd., Ridgecrest, CA 93555, such that it was in a dangerous, defective and unsafe condition in conscious disregard for the risk of harm to invitees thereon. By reason of said carelessness, negligence and conscious disregard of the

4
**COMPLAINT FOR DAMAGES**

Defendants, and each of them, said premises were unsafe and dangerous to the general public and specifically Plaintiff, CRYSTAL RAMIREZ.

16. Defendants WALMART, INC., a Delaware corporation; DEREK DOE, an individual; and DOES 1-25, inclusive, and each of them, failed to warn Plaintiff of said dangerous, defective and unsafe condition, although said Defendants, and each of them, knew of said condition.

17. As a direct and legal result of said carelessness, negligence and conscious disregard of Defendants WALMART, INC., a Delaware corporation; DEREK DOE, an individual; and DOES 1-25, inclusive, and each of them, Plaintiff was seriously injured when she tripped on an uneven, unleveled, defective, cracked, broken and/or deteriorated portion of the ground causing her to trip and fall, thereby causing Plaintiff to endure severe injury and pain.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff demands judgment against Defendants as follows:

1. For general damages in a sum according to proof;
2. For medical, hospital, and related expenses according to proof;
3. For loss of earnings according to proof;
4. For loss of future earning capacity according to proof;
5. For pre- and post-judgment interest and costs of suit incurred herein;
6. For such other and further relief as this Court may deem proper.

DATED: July 12, 2022                    DOWNTOWN L.A. LAW GROUP

_____
Daniel Azizi, Esq.
Attorney for Plaintiff,
CRYSTAL RAMIREZ

///

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

DATED: July 12, 2022                         DOWNTOWN L.A. LAW GROUP

_____
Daniel Azizi, Esq.
Attorney for Plaintiff,
CRYSTAL RAMIREZ